United States District Court                                   Southern District of Texas

| | | |
|---|---|---|
| CHARLES OBI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| *versus* | § | CIVIL ACTION H-06-1325 |
| | § | |
| | § | |
| THE CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1.      *Introduction.*

Taxi operators say that the city's regulations that limit the age of taxi cabs discriminates on the basis of their race, ethnicity, and poverty.  The city has moved for summary judgment and will prevail.

2.      *Background.*

The city of Houston regulates the condition of taxis in the public interest of safety.  The city regulates taxis on aesthetic and economic grounds too.  The city's effort to see that taxis in Houston are mechanically sound is modest.   It mandates that taxis must be a model car fewer than six years old.  It also checks to see whether the taxis have had a safety inspection, as required by the state of Texas.

The drivers argue that the city's use of a six-years limit is not reasonably related to the actual condition of their cars.   The arbitrary use of years imposes a burden that is disproportionately hard on smaller taxi companies – companies that are predominately owned by minorities and other disadvantaged people.

3.      *Rules & the Constition.*

The drivers are correct: six is an arbitrary number of years.  Any limit on years would simultaneously allow some cars to serve that should not and exclude some that should be allowed.

Automobiles wear out.  As they age, they *on average* are more likely to have mechanical problems than newer cars.  Within normal ranges of age, the principal determinates of dependability are thoroughness of maintenance and careful operation.

The city has the authority from the state of Texas to regulate businesses for constitutional purposes.  This rule is related to its effort to have taxi cabs that are dependable.  Dependability affects both safety and economics.  Cars that break down are a risk to the occupants and other cars.  Undependable taxis do not just ruin their own operations; they also undermine the consuming public's confidence in taxis generally, eroding the vitality of that medium of transportation.  The rule has a legitimate public interest.

Even a rule supported by a legitimate purpose must rationally address the purpose.  This rule's limit is only roughly related to the underlying question – mechanical dependability of individual cars that serve as taxis.  Rules that are widely approximate raise two additional legal questions.  First, what alternative regulation would be less approximate, and second, does the rule and its context suggest that it masks an alternative and illegitimate purpose?

4.      *Administrative Convenience.*

An alternative rule that obliges the city to inspect cars and maintenance records frequently would be expensive for the city and operators.  A regulatory scheme that increased the operators' costs to the point it was impractical to have cabs would not help the operators.  Frequently, rules that are designed solely for the ease of bureaucrats are often impermissible because that is a generally weak governmental interest.  Lines, however, need drawn to make a practical system.  We do it for voting, for instance.

The rule serves a legitimate governmental interest with constitutional cogence.

5.      *Secret Purpose.*

To the extent that this six-year line burdens operators, it is less of one that the five-year limit that the city recently revised to adopt this rule.  That makes it highly improbable that it had a goal of forcing small operators out of business.

The regulation by its wording does not identify a criterion that is associated with disadvantaged groups. People who are less prosperous tend to own fewer things, and this is true of taxis.  Burdens that are imposed on rich and poor operators alike based on the age of the car is proportionate to vehicles owned.  Numbers of taxis is neutral when it applies to the cars themselves; if the city set rates to be charged the public that were higher for large operators and lower for small operators, it would need to be justified carefully on legitimate grounds.

Large operators probably have economies of scale and other operating advantages, but that is not grounds for suspecting this rule of having an illegal purpose.

- 3 -

6.      *Conclusion.*

The city of Houston's rule limiting the model year of licensed taxis bears a rational relation to a legitimate government interest.  Neither its terms nor effects are hostile to people with a legally protectable interest.

The operators will take nothing.


Signed April 9, 2007, at Houston, Texas.


Lynn N. Hughes
United States District Judge